UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ANNA WIKLE,

*Plaintiff-Appellant,*

v.

CNA HOLDINGS, INCORPORATED,

*Defendant-Appellee.*

No. 01-1119

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-99-936-7)

Submitted: April 23, 2001

Decided: May 4, 2001

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Terry N. Grimes, Roanoke, Virginia, for Appellant. Clinton S. Morse, FLIPPIN, DENSMORE, MORSE & JESSEE, P.C., Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anna Wikle appeals the district court's grant of summary judgment in favor of CNA Holdings, Inc. ("CNA") in her action under the Family and Medical Leave Act of 1993, 29 U.S.C.A. § 2601 *et seq.* (West 1999 & Supp. 2000) ("FMLA"). For the following reasons, we affirm.

This Court reviews a grant of summary judgment de novo, viewing all facts and inferences in the light most favorable to the non-movant. *Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc.*, 202 F.3d 223, 227 (4th Cir. 2000). "Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). Additionally, summary judgment is appropriate only after the non-movant "had the opportunity to discover information *that is essential to his opposition*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (emphasis added). Where, as here, a district court has stayed discovery prior to a motion for summary judgment, that decision may be reviewed for abuse of discretion. *See Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 277 (9th Cir. 1988).

On appeal, Wikle contends the district court erred in granting summary judgment prior to discovery on the basis that she was obliged to arbitrate her FMLA claim under the collective bargaining agreement ("CBA") between CNA and Local 2024 of the Union of Needletrades, Industrial and Textile Employees, AFL-CIO-CLC ("UNITE"). This Court will enforce union-negotiated waivers of a member/employee's right to a judicial forum if that waiver may clearly and unmistakably be drawn from the terms of the relevant CBA. *Carson v. Giant Food, Inc.*, 175 F.3d 325, 332 (4th Cir. 1999). Because Article 18 of the CBA between UNITE and CNA explicitly incorporates the FMLA as part of its terms, the CBA makes it unmistakably clear that Wikle was obliged to arbitrate any claims under the FMLA. *Id.* In light of Wikle's undisputed failure to do so, CNA was entitled to judgment as a matter of law, and the district court's decision to limit the scope of discovery to facts relating to this issue was not an abuse of discretion.

Accordingly, we affirm the district court's order granting summary judgment in favor of CNA. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*